# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | |
|---|---|
| JANE DOE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Cause No.: 4: 20-CV-00930-SRC |
| v. ) | |
| ) | |
| JEREMY STEEN, ZACHARY TUNISON, ) | |
| BRIAN JOHNSON, ERIC BROTHERTON, ) | JURY TRIAL DEMANDED |
| and JOHN COTTLE, (in his official capacity) ) | |
| Defendants. ) | |

## PROTECTIVE ORDER

IT IS HEREBY ORDERED that all documents filed in this case which reference or refer to Jane Doe's true identity or identifying information shall be redacted or filed under seal in order to protect Jane Doe's privacy and safety. Identifying information includes but is not limited to name, date of birth, social security number, current address and past addresses. In accordance with Federal Rule of Civil Procedure 5.2, the parties must redact any document containing identifying information for Jane Doe's family. This protective order is intended to encompass all forms of disclosure which might contain information revealing Jane Doe's true identity, including any document, pleading, motion, exhibit, declaration, affidavit, transcript, witness testimony, statements made during interviews, meetings between counsel, and any tangible item including electronic medium and photographs.

In order to protect Jane Doe's safety and privacy, any document revealing her identity will be filed under seal except that to the extent her true identity can be protected through redaction alone, documents must be redacted instead of sealed. No document filed under seal shall be open to inspection, except as provided herein.

Counsel of record in this action may review any sealed documents and may reveal Plaintiff's true identity (or any information or distinguishing characteristics that could reveal Plaintiff's true identity) only to other counsel of record and their staff and retained consultants to the extent necessary to litigate this action, by operation of law, or pursuant to court order. Defendants may also view such sealed documents solely to the extent necessary to defend this litigation or by court order. Plaintiff Jane Doe may view any sealed documents that reveal her true identity.

This protective order shall be without prejudice as to the right of any party to oppose production of any information or object to its admissibility into evidence.

If either party believes a document has been sealed or redacted improperly, the parties will make good faith efforts to resolve the issue without the assistance of the Court. In the even the parties cannot resolve the dispute, the party disputing the use of redaction or filing under seal may file a motion to unseal or to remove redactions.

When any counsel of record in this case becomes aware of a violation of this protective order, such attorney shall report to all counsel of record that there may have been a violation of this protective order. At that time, counsel shall meet and confer in good faith to determine how to remedy the violation in order to protect Jane Doe's safety and privacy.

The parties will make good faith efforts to carefully review all documents filed in this case to ensure that any identifying information is appropriately redacted, or that the document if filed under seal.

After the termination of this case, the provisions of this protective order shall continue to

be binding.

Finding that the public will not be prevented from observing the Court's proceedings or rulings by implementation of this protective order, this protective order is ORDERED to go into effect immediately.

IT IS SO ORDERED.

_____  _____
Honorable Judge                              Date