**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| Jane Doe, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:20-cv-00930 MTS |
| ) | |
| Jeremy Steen, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Before the Court is Plaintiff's Motion to Proceed Under a Pseudonym, Doc. [2]. No Defendant filed any opposition to the Motion. For the reasons stated herein, the Court will grant the Motion.

Rule 10(a) of the Federal Rules of Civil Procedure provides that complaints "must name all the parties." Nevertheless, district courts have discretion to "permit a plaintiff to proceed anonymously." *W.G.A. v. Priority Pharm., Inc.*, 184 F.R.D. 616, 617 (E.D. Mo. 1999); *cf. Doe v. Univ. of Ark.*, 713 F. App'x 525, 526 (8th Cir. 2018) (per curiam) (finding district court did not abuse its discretion when it denied plaintiff's motion to file suit under a pseudonym).

Typically, when a plaintiff commences an action in federal court, he or she "invites public scrutiny of the dispute and the proceeding." *In re Ashley Madison Customer Data Sec. Breach Litig.*, No. 2669, 2016 WL 1366616, at *2 (E.D. Mo. Apr. 6, 2016) (quoting *Luckett v. Beaudet*, 21 F. Supp. 2d 1029, 1029 (D. Minn. 1998)). When asked to do so, district courts must weigh the public's strong interest in open courts and the right to access judicial proceedings with a litigant's privacy interests. Thus, the Court must determine whether the plaintiff, "'has a substantial privacy right which outweighs the customary constitutionally-embedded presumption

of openness in judicial proceedings.'" *Roe v. St. Louis Univ.*, No. 4:08-cv-1474 JCH, 2009 WL 910738, at *3 (E.D. Mo. Apr. 2, 2009) (quoting *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992)).

The Court concludes that Plaintiff's privacy interest in this matter, given the sexually violent nature of some of the allegations, outweighs the customary presumption of openness in judicial proceedings. *See In re Ashley Madison*, 2016 WL 1366616, at *3 ("Courts have generally allowed plaintiffs to litigate under pseudonym in cases involving allegations of sexual abuse and assault because they concern highly sensitive and personal subjects.").

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Proceed Under a Pseudonym, Doc. [2], is **GRANTED**.

Dated this 22nd day of October, 2020.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE